NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  05a0313n.06
Filed:  April 26, 2005

Case No. 03-1992

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SALLY SMITH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| JOAN YUKINS, Warden, | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  NELSON and BATCHELDER, Circuit Judges; COLLIER,[*] District Judge.

**ALICE M. BATCHELDER, Circuit Judge.**  Petitioner Sally Smith ["Smith"] appeals the district court's denial of her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, alleging that the prosecutor had denied Smith a fair trial by suggesting in rebuttal argument that Smith's counsel did not believe in the defense he presented to the jury.  The district court held that the judgment of the Michigan Court of Appeals, which held that the prosecutor's error did not require reversal, was not contrary to, or an unreasonable application of, clearly established federal law.  Because we find no error in the district court's judgment, we AFFIRM.

**I.**

During Smith's trial in the Oakland County Circuit Court for conspiracy to possess with intent to deliver more than 650 grams of cocaine, the prosecutor said in his closing rebuttal

---

[*]The Honorable Curtis L. Collier, District Judge for the Eastern District of Tennessee, sitting by designation.

argument, "[The defense attorney is] throwing [defenses] out at you in a shotgun approach. Why is that? Maybe some desperation because the evidence is overwhelming. Maybe another reason is he may not even really believe in the defense, I don't know." Smith's counsel objected to the statement immediately, and the judge instructed the jury to disregard the statement. Smith was ultimately found guilty and sentenced to mandatory life imprisonment without parole.

Smith appealed her conviction and sentence as of right to the Michigan Court of Appeals. Among other claims, she alleged prosecutorial misconduct based on the prosecutor's suggestion that the defense counsel did not believe in the defense. The Michigan Court of Appeals affirmed, holding that the prosecutor's statement was improper, but that "[t]he error was not so great as to require reversal," both because "the statement was made during the haste and heat of trial and in response to defense counsel's arguments regarding the evidence," and because after defense counsel objected to the statement the trial court immediately instructed the jury to disregard the statement. The Michigan Supreme Court subsequently denied Smith's delayed application for leave to appeal.

Smith then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Michigan. Among other claims, she alleged that the prosecutor's suggestion that the defense counsel did not believe in the defense deprived her of a fair trial. The district court denied Smith's petition in its entirety, but issued a certificate of appealability on the sole issue of whether the prosecutor's suggestion that defense counsel did not believe in the defense "result[ed] in unconstitutional prosecutorial misconduct in violation of the Due Process Clause." We denied Smith's request for a grant of certificate of appealability as to the other issues. *Smith v. Yukins*, No. 03-1992, Order of March 14, 2004.

**II.**

2

Because Smith objected at trial to the prosecutor's statement at issue, we review de novo her claim of prosecutorial misconduct. *United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999); *cf. United States v. Wright*, 343 F.3d 849, 862 (6th Cir. 2003) (reviewing for plain error when defendant failed to object to prosecutor's statements at trial). Our review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, because Smith filed her claim after AEDPA's effective date. We therefore may not grant Smith's petition unless she demonstrates that the state court's dismissal of her prosecutorial misconduct claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States as of the time the state court entered its order. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

The relevant question with regard to a claim that habeas relief must be granted because of prosecutorial misconduct, is whether "the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Macias v. Makowski*, 291 F.3d 447, 451 (6th Cir. 2002) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In our post-AEDPA cases, this circuit has consistently utilized the two-step inquiry for reviewing claims of prosecutorial misconduct set out in our pre-AEDPA case of *United States v. Carroll*, 26 F.3d 1380, 1383-90 (6th Cir. 1994). Our rationale for relying on circuit precedent rather than Supreme Court precedent has been that *Carroll* "merely reiterates factors set forth in Supreme Court decisions evaluating prosecutorial misconduct." *Gordon v. Kelly*, No. 98-1905, 2000 WL 145144, at *6 (6th Cir. Feb. 1, 2000).

Following *Carroll*'s approach, we must first determine whether the prosecutor's statements were improper. *Carroll*, 26 F.3d at 1387. We agree with the Michigan Court of Appeals that the

3

prosecutor's comment implying that Smith's counsel did not believe in the defense he was presenting was improper. We have held that "while counsel has the freedom at trial to argue reasonable inferences from the evidence, counsel cannot misstate evidence or make personal attacks on opposing counsel." *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001). As the district court correctly found, "[t]he prosecutor's comment was not related to evidence presented at trial and constituted improper personal attacks aimed at defense counsel."

Having found that the prosecutor's statement was improper, we move to the second step of the *Carroll* inquiry: whether the impropriety of the statement was flagrant and thus violated the due process rights of the defendant. *Carroll*, 26 F.3d at 1385; *see also Macias*, 291 F.3d at 452. To determine flagrancy, we consider four factors: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *Macias*, 291 F.3d at 452. In this case, the Michigan Court of Appeals properly concluded that none of the four factors compelled the finding that the prosecutor's comment was so flagrant as to warrant reversal.

Addressing the first factor, we have held that "[o]rdinarily, a court should not overturn a criminal conviction on the basis of a prosecutor's comments alone, especially where the district court has given the jury an instruction that may cure the error." *Carter*, 236 F.3d at 787; *see also United States v. Roberts*, 986 F.2d 1026, 1031 (6th Cir. 1993) (holding that "the prejudicial effect of improper comments may be negated by curative instructions to the jury"). In this case, the trial court immediately instructed the jury to disregard the comment, and shortly thereafter, instructed the jurors that the lawyers' arguments, questions, and statements were not evidence. *See Roberts*,

4

986 F.2d at 1031-32 (holding that a trial court could negate the prejudicial effect resulting from the prosecutor's improper remarks by instructing the jury that the lawyers' statements and arguments are not evidence).

With regard to the second factor, we have held that we will not overturn a verdict unless the prosecutorial misconduct is "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (internal quotation omitted). In this case, the prosecutor's comment implying that defense counsel did not believe in the defense he was presenting was limited to a single statement during closing rebuttal. Although Smith complains of other allegedly improper comments by the prosecutor, we will not take them into account here; Smith procedurally defaulted her objection to one of those statements and the district court held that the others were not improper, and we denied a certificate of appealability as to them. The statement at issue here was isolated and far from extensive.

Smith did not present any evidence to suggest that the prosecutor intentionally made any improper statements. Because there is no evidence of intent in the record, the third factor does not help Smith establish reversible error.

Finally, the strength of the circumstantial evidence against Smith supports a finding that the prosecutor's error did not affect the outcome of the trial, and therefore, reversal under the fourth factor would not have been proper. As the district court found, "the court cannot conclude that the jury was overcome by the prosecution's rebuttal comments rather than the strong circumstantial evidence of [Smith's] guilt."

**III.**

The Michigan Court of Appeals held that the prosecutor's comment implying that Smith's counsel did not believe in the defense he was presenting did not require that Smith's conviction be reversed. Because that judgment was not contrary to, or an unreasonable application of, clearly established federal law, we **AFFIRM** the district court's order denying Smith's petition for habeas relief.